Good morning. I'm a little older than my colleague Mr. Giles and definitely older than opposing counsel. So reading cases, Nevada Supreme Court cases from the last century, actually the century before the last century. You didn't argue that case. You're not going to tell us you argued that case. I think that was my son who must have argued that one. I think that if it isn't dispositive, it is about as close as we have. And I believe there is a hint in the case that you asked us to prepare, which is Truckee Carson irrigation versus the United States. Back on page 1291 of that case, we are given a long introduction to what the case is about. And the court says, this court says, Nevada law offered a cheap and expeditious method for adjudicating water rights under the auspices of the state engineer. However, because the government expected to assert, quote, difficult and intricate legal, quote, theories, the government expected the theories. It was thought better to bring an equitable, quiet title action in federal court. I think that explains why this court wrote way back down in the pages that you asked us to particularly pay attention to. Page 1308, where the court speaks about. And it says, to be sure, the government did not employ a statutory in rem procedure. And I believe they are referring back to the Nevada law, which would be a statutory in rem procedure. And because of the explanation given at the beginning of the case, I think Nevada law is clear. I think it is in rem. And I think we find all of that in my son's opinion back here in 1898. Counsel, Judge Gould, if I could interject just a simple question. It's the same question I asked both counsel in the Chapman case, if you were sitting in the courtroom. That is, should we in this case, as in Chapman, certify to the state Supreme Court of Nevada whether unlawful detainer actions and whether quiet title actions are in rem? And of course, if we certify in one, we could hold the other until that's resolved. I think if this court has any question at all as to whether or not the issue in Nevada is certified, I think it is this court's duty to certify it. Other than that, if this court believes it's clear, then no. If the court has a question, then absolutely. Because that is the judicially safe and the judicially accepted way of dealing with state law cases that are not clear. Okay. Thank you, counsel. I would ask this court also to remember that this is a case in the pleading stages. We didn't even get our 26, Rule 26 disclosures. And what we have here is a district court in Nevada who acknowledges there are thousands of cases like this. And as far as our court is concerned, once there is a question of whether or not money is owed, the plaintiff automatically loses. And they lose at the pleading stage before they get a chance to even demonstrate the inaccuracy of the loan documents. For example, even this court, I mean, the district court had an independent duty to at least examine the documents before he threw the case out. As I asked the court to do. Didn't he examine them, though, when he took judicial notice of them? Well, if you'll read his opinion, and I quote, I'm sorry. The judge stated at page 24, I've considered various exhibits that have been submitted with the complaint. There were no exhibits attached to my complaint. He didn't say attached. He said with. Submitted with the complaint. And what were those? None. So you're saying that at the time that the complaint was filed, nothing, you didn't submit anything. Would it matter whether the court had reviewed it if it mistook what it said? It obviously had something of which it took judicial notice. It referred to them, I believe. Where did they come from? Did they come from the other side? I assume so. And if you, and I have fully briefed this, if you look at the documents, Nevada's law requires certain notice, certain pleadings, certain mailings, and certifications of that. Well, what we got submitted are forms, unsigned forms saying, well, of course we did this. And I can point them out to this court. Didn't the judge take judicial notice based on the declarations that were submitted with the documents attached? Well, you have to read the declarations, which were handed to me at the hearing, which said, yeah, I've copied these documents. But that's a question about the sufficiency of the declaration that you're raising then. I believe and objected to the declarations because they were not based on personal knowledge. I would like to point the court to Appendix 238, which is the substitution of trustee. Actually, it's on page 239. We have someone from MERS named Robbie Weaver who signed the substitution of trustee. He also happened to sign the notice of default. How very interesting. We have here someone assigning to Aztec foreclosure from MERS who happens to be the same person. Now, if any, I think this court can take judicial notice of the 60 minutes robo-signing episode. I don't think we can, actually. Nice try. I'll tell you what we can take notice of, though, is what's in the record here, where there's an affidavit of publication that accompanied the notice of trustee sale. It recites in haig verba what that document said. What's the matter with that? Well, I can't tell whose signature that is. There's no name on it. If we look at the affidavit of mailing on 245, it's a printed document. And if you'll notice, we've just got some postal ‑‑ I don't know what we've got there, actually. Since when is an unsigned affidavit proof of anything? Let me ask you this. If you send each of the judges on this panel a letter, and I'm not asking you to do so, but say you did so, and the letter simply included a copy of a newspaper article, and there's no signature or anything, you just send it, and then you, in connection with litigation, file a declaration in which you state, on such and such a date, I sent the attached letter or the attached news article to Judges Gould, Smith, and St. Eve, and then you sign your name to that declaration. Is that something, if it were part of a public record, say that it was in connection with another case or something like that, could the judge take judicial notice of that without a signature on the news article by the person that wrote it? I don't know, Your Honor. I think judicial notice is something that should be very, very carefully thought about. I don't think that's come up anywhere. I know absolutely that there is no case saying that you have authority to take judicial notice of documents because they were recorded, and we also have webpages that were submitted. Webpages. I took judicial notice of the webpages. But did the district court rely on those? I have no idea, Your Honor. It doesn't seem from the opinion. I would agree with you that there's an issue there, but it doesn't seem from the opinion that the court took judicial notice of those website pages. He did not indicate that he was taking judicial notice of those particular dockets, and there's certainly no reference in his opinion to those webpages. And there's no references to why the complaint shouldn't be at least given us an opportunity to amend. It's simply, you owe money, and I have that quote over here. Well, there's no issue with respect to the validity of these documents, her signature, that she borrowed the money, that she's in default, and she owes the money. There's no issue here. Based on what did the court make that determination? Did you contest? I contested every single document. So you said she didn't sign them? I said there's no way. I'm sorry. Did you say all of that? I told the court that there is no way to tell, given these photocopies, of whether she signed it or not. Because we get, and Chapman did not get an opportunity for this, but we get scotch taped over names, photocopied. That's why we keep asking for originals, but we never get to that point. The point is, I have no idea, and neither does she, whether or not those are her signatures. And we never got a hearing to even ask. So I contested absolutely everything. Didn't you have the opportunity for a hearing, though, and your client didn't want to testify at the hearing? I thought he asked you that, and you said she doesn't want to testify now, but we can't tell if that's her signature. I absolutely do not recall that, Your Honor. I got to the hearing, we got to the hearing, and the issue that the judge said, well, is that her signature? And I said, well, who does she owe? The judge then proceeded to read his pre-written opinion, which is what most of his opinion is. And unless there are other questions, I'd like to reserve just a minute or two. That's fine. Good morning, Your Honors. Again, if it pleases the Court. I would like to reserve the last few minutes of my time for counsel for Coapelli Aztec Foreclosure Corporation. Very good. A number of points have raised, and I believe the position I don't know or I have no idea is quite telling. There was a long hearing conducted by the district court judge on the request for judicial notice. It was pursuant to a motion by the plaintiff appellant to have a hearing on the documents submitted by request for judicial notice. The transcript is quite long in the excerpts, and I'm sure the Court has had an opportunity to peruse through that. The Court specifically asked the plaintiff and the appellant two or three times, What evidence do you have to sufficiently contest, and those are the operative words under the case law, sufficiently contest these documents or the authenticity of these documents? All that plaintiff and counsel basically argued was, well, we object to everything. Everything's hearsay. Nothing's authenticated. Nobody's here with personal knowledge. No specifics as to each particular document. Nothing in appellant's brief as to which documents the district court most heavily relied upon or how the ruling would have changed but for judicial notice of those documents. The question was raised as to the official public website for MERS that was submitted. I believe it was request for judicial notice exhibit 10. Did the judge take judicial notice of that? The judge didn't have to, and the judge didn't specifically say he was going to. The judge specifically talked about exhibits 2 and 4 through 7 attached to appellee's request for judicial notice. Do you agree that it would have been a problem for the judge to take judicial notice of a website that's not a government website? I would agree. I would agree. I think the Court has discretion to take judicial notice under the case law, under the standards. Aren't there authentication issues with respect to a website? There are. There are. And I would agree that typically website pages are not something that, you know, the reliability is sufficiently determinable from reliable sources. So I would agree with Your Honor. But I will say that this is a public website that was designed for borrowers to access to find out who holds their loan and who services their loan. That was the only reason why counsel from my office submitted that as one last document at the end. Counsel, if I could ask you one question. Did the district court take judicial notice of notices being given to the homeowner? In other words, apart from taking judicial notice of what had been filed, did the court in this mix take judicial notice that certain documents or notices had been mailed to Azucena? Excellent question. The answer to which is somewhat long, but the answer would essentially be to a certain extent, yes. The court certainly took judicial notice of the fact that these documents were recorded, pursuant to Nevada foreclosure statutes, and also took judicial notice of the fact that they were mailed as set forth in the recorded notices, as well as corroborated by the affidavits of mailing that were submitted, authenticated by the attorney who actually obtained them. Now, the court not only took judicial notice of the recorded foreclosure notices as public records, but took judicial notice of these documents because they were referenced central to the allegations and relied upon in the complaint, which is separate and apart from the fact that they were public records. In other words, if the complaint … The appellant is arguing that none of these were attached to his complaint. I thought I heard him say that. No, but … They were submitted by the appellees with the request for judicial notice because each and every one of those public records and the fact that whether or not they were mailed was specifically alleged in the complaint. But weren't they disputed? How can you take judicial notice of a disputed fact like that? They weren't sufficiently disputed, as evident by the transcript of the court's hearing. But in the complaint, weren't they disputed? You're relying on the fact that they were mentioned in the complaint and incorporated by reference in the complaint, and that's why he could take judicial notice of it. But she's certainly not admitting that the mailings took place. Well, first of all, I think a complaint disputes just about everything, usually. She referenced that she does not dispute that she was in default. She does not dispute that the loan was put in foreclosure. She mentioned that a notice of default was sent. Under Nevada law, whether or not the plaintiff appellant received those foreclosure notices is not germane. Just the fact that they were issued, recorded, and mailed. But if I understand my colleague's question, it is that the notices of mailing, etc., etc., were put at issue by the complaint. Can you then, can the district court or whoever took notice of this at whichever level, can that be done when the document is disputed? In other words, if you have something that is not disputed, it's a public record, that's one thing. But otherwise, don't you have to prove it up, basically? Either have a document that was recorded and you show that there's, the statute's been complied with or that somebody sent it and you have them testify or you give a declaration or something like that? I would agree, Your Honor, and that's exactly what occurred in this case. Okay. At the request for judicial notice hearing. Okay. Where a declaration by the person that obtained those public records testified in his declaration and at the hearing I physically obtained those recorded documents. So you're saying that at the evidentiary hearing, from your perspective, all of the foundations required were laid, the evidence was placed before the judge to enable the judge to make a determination that these, in fact, had been properly served, had been properly executed under Nevada law. I believe so. And I want to point out that a dispute or an objection to the documents, a general objection at the hearing, is not sufficiently contesting that document. In other words, if you're going to raise a dispute to a certain document, and this is what was invited by the judge, the district court judge, two or three times, okay, let's hear your dispute with your evidence to support your dispute. But when you start talking about evidence, which is what a judicial notice or what the affidavit regarding the mailing really was, doesn't that go with the summary judgment stage as opposed to the 12B6 stage? It very well could, Your Honor. But we also have a Nevada statute, NRS 10730A, which says if a trustee's deed upon sale is recorded and contains recitals that the foreclosure notice process was proper, complied with law, that's what we had here, a trustee's deed upon sale that was recorded with those recitals. And under 10730A, that in and of itself is a presumption, a conclusive presumption that the foreclosure was proper. Putting the burden upon the borrower to somehow establish with evidence, no, it wasn't proper. But how does that make it proper at the 12B6 stage? I think that's a separate issue. Because it's an issue of law. 10730A is a statute. Whether the mailing was made is an issue of law? The recitals and the trustee's deed upon sale say the statutes were complied with, 107.80 concerning the notice of default, notice of sale, and mailings was properly complied with. And the Court certainly took note of that as an additional ground to take judicial notice, as well as to grant the motion to dismiss. Can I go back to an issue we had in the earlier case in which you were involved? We have the same NREM issue that we had before in terms of our jurisdiction, at least as I look at it. Do you agree that this is yet another case where it would be appropriate to certify to the Nevada Supreme Court the question of whether unlawful detainer and quiet title action are in REM or in persona? Well, and again, you know, reiterating my points before, certainly the Court, I believe, can have discretion to do that. I don't think it has a duty. I don't think it's mandatory to do that here. We have a specific case with specific rulings and evidentiary rulings at that. We have statutes. We have a wrongful foreclosure complaint, not an affirmative foreclosure complaint, that seeks statutory violations, damages, punitive damages, and injunctive relief. All of those are legal in nature and in persona. Otherwise, a wrongful foreclosure complaint could be served by publication. And let's say I agree with you 100% on that, but you still have the basic issue of what do we as a federal court have to do with that if the prior exclusive jurisdiction doctrine applies here. The Nevada courts are very able. They're perfectly capable of taking care of these issues you're talking about, and, indeed, there's been some discussion today about how there's some sensitivity on the part of at least one of the justices of the Nevada Supreme Court about how many times he or she believes that the federal courts have injected themselves into the mix. So I guess my question would be if we certify, at least in one of these cases, the issue to the Nevada Supreme Court and then abate further action until we find out what they say, if it turns out that the prior exclusive jurisdiction doctrine applies, then fine. We step out of the picture. We send it back to the Nevada Supreme Court or Nevada trial court, rather, through the district court, and it all gets worked out in the state court. These are state court issues, are they not, all of the tort claims and the like? Sure, sure, Your Honor. So they're really tangential to the federal point. I know we have them right now, but I guess you already answered my question whether it would work, but the fact that these other claims are clearly in personam claims doesn't really change the fact that whether we're the proper court to consider it is dependent to some degree on whether some of these claims are in rem. Do you agree with that? I would, Your Honor. But I would just say that there have been several cases from Nevada on these issues, wrongful foreclosure issues, removal issues, that have gone up to this Court and have been decided. The fact that there's no Nevada case that says, hey, unlawful detainer eviction actions are in rem, the fact that there's no Nevada court case saying a wrongful foreclosure case in all cases is definitely quiet title, doesn't mean that the law is in flux. Certainly, I would submit that just because there's not a case saying that doesn't make it an issue that needs to be certified now. In the history of jurisprudence in Nevada, I'm sure that issue could have been raised and I'm sure that issue could have been adjudicated. To intimate Your Honor's previous comments, I think it's so obvious to a certain extent, and it certainly was to both district court judges in the Chapman and Azucena cases, that this wrongful foreclosure case is just not in rem. Okay. I would reserve the rest of my time, unless there are any further questions. We can, if okay, give more time. Okay. I have one other jurisdictional question. This case is in Federal court based on diversity only, correct? Correct. In one of the defendants, Aquin Loan Servicing LLC is an LLC, correct? Correct. And the removal notice assumed that it was a corporation for diversity purposes. But the Ninth Circuit law is clear that an LLC has a citizenship of its individual members. Correct. Is there anything anywhere in the record about the individual members of the LLC and what their respective citizenships are? Well, I would submit I did not draft the removal notice in this particular case. The LLC members, there are two or three, none of whom are citizens of Nevada. It's a matter of public record. You just have to go through the Secretary of State's website in Nevada, and you will see the two or three listed there. And they're in Florida. Okay. Thank you. Thank you. You're going to switch, and we won't subtract that time from you there.  Good morning, Your Honors. May it please the Court. Donna Osborne on behalf of the foreclosing trustee, Aztec. The first thing I wanted to address was just the NREM jurisdiction. I believe it's really disingenuous for this Court to be looking at the quiet title action being a quiet title. Specifically, all that is in question in this complaint, when you read the complaint, is not that this deed of trust should be completely deemed void and I should have complete title to this property. He's saying Aztec and HSBC have not proven that they have standing to complete that process. So I believe that's how it's an actual distinguishment from quiet title. You see the complaint, you see the cause of action titled quiet title, but it's really disingenuous in the fact all it really seeks is wrongful foreclosure that you, HSBC and Aztec.  Doesn't it seek to quiet title? I might be misstating this, but in the sense that it says my title subject to the mortgage is still with me. That is, I've got a title or an equitable interest that has not been extinguished by the foreclosure. I want that recognized. And isn't that a traditional quiet title action? I don't see why it's disingenuous, really. Actually, that would be a wrongful foreclosure cause of action, trying to deem the trustee's deed upon sale invalid under NRS 107.080, which is a specific statute that has a 90-day statute of limitations in order to do that. It's a directive of the legislature that you proceed under a wrongful foreclosure cause of action and sets forth a standard of substantial compliance with that statute in order to proceed. Counsel, I'm just looking now at what I think is page 156 of the record. This is the complaint, and it is captioned quiet title NRS 40.010. And it specifically says in paragraph 26, plaintiff seeks quiet title against all defendants and each of them as of the date of this complaint. Disingenuous or not, isn't that what they allege? Well, if you actually look at the preceding paragraphs, what they're alleging is that Aztec and HSBC haven't shown standing under the note in the deed of trust, and that would be paragraph 24, that defendants own possession, that the plaintiff alleges that no defendant owns or possesses her promissory note or their deed of trust, that no defendant can properly be plaintiff or can foreclose on their property. If I look at 25 on information and belief, plaintiff alleges that since no entity has obtained all the rights necessary to obtain an interest in plaintiff's property, no entity has such interest, which ties with 26. It does, Your Honor, and I would believe that's specific to these defendants and that all they are seeking to do is say that the deed of trust would still be in place because he's saying it's subject to the deed of trust, and therefore other possible claimants are still out there that could enforce that deed of trust. Therefore, making it in person. Why wouldn't we be – why wouldn't it be permissible to ask the Arizona – the Nevada Supreme Court, however you want to characterize this pleading in the complaint that on its face says it's a quiet title, like is it in rem or is it quasi in rem or is it in personam? I mean, that's the issue we're really talking about. However, if you characterize the theory of the claim, it's still a question, is it in rem? I don't see how your argument would prove – you know, proves it's not in rem. Your Honor, I would concur with Mr. Allison's arguments that he actually made in the prior case, not this case, when he went through the analysis of the Nevada case, the Nevada federal case. I know we don't have that much time to go into that. I understand that, but, you know, I think this was framed earlier, that obviously if we think the Nevada law is clear, we can rule on it. But if we're not sure, then we're talking about certifying it. I think we have your position, so we would thank you for your argument. I believe that Mr. Thomas reserved a little bit of time for rebuttal. Do you want to give that now, Mr. Thomas? Thank you. Thank you, Your Honor. The reason we have no Nevada Supreme Court cases is because we can't get one to the Nevada Supreme Court. Every single case is removed. Every single case is dismissed by our federal district court. And the federal district court is the exclusive purveyor of opinions of 107.080-ETSEC, which was wildly and completely, totally revamped in 2009. One last point. Aside from the fact that there are no allegations of punitive damages in my complaint, if one looks at AP211, which is the deed of trust, it's made out to someone as a lender known as Quick Loan Funding, Inc. The district court cannot take judicial notice of the fact that somehow, Aztec, Ocwen, MERS, HSBC, somehow they are entitled to payment on this note, even if my client said, yeah, I borrowed the money from Quick Loan Funding. There is no assignment, and I presume that's why we got the MERS webpages, because everything is internal in MERS, but there is no evidence, admissible evidence, that that deed of trust was ever assigned to anyone. Thank you. Just one final question. We're running you over here. Did you file a respite claim trying to get this documentation? Yes, I did. And what was the response? None. You mean you just filed it and they didn't answer the complaint? That's right. No, I did not file it as a complaint. We filed it as a letter. Okay. And we get nothing. But you've not filed a complaint? No. Okay. All right. Thank you very much. The case of Asusena v. Aztec Foreclosure Corporation et al. is submitted.
judges: St. Eve, Gould, Smith M.